■ JACKSON D. LEONARD, Respondent, v. WILLIAM SHAYNE, Also Known as WILLIAM FURMAN, Defendant, and SEYMOUR T. KAPLAN, Also Known as "SY" MYERS, et al., Appellants, et al., Defendants.— Order, entered on February 11, 1964, denying defendants-appellants' motion to vacate plaintiff's notice to take the deposition of defendant William Shayne, unanimously affirmed, without costs. The circumstances present in the instant case must be distinguished from that where a party, examined before trial, wishes to make corrections or changes in the transcript of his deposition before signing it. In such a case the provisions of subdivision (a) of 3116 of the Civil Practice Law and Rules would govern, and any changes in form or substance desired to be made would be entered upon the deposition with a statement of the reasons for making them. Here there was no claim that the deposition theretofore taken of defendant Shayne contained answers inadvertently uttered or incorrectly transcribed. The record reflects that Shayne's recollection of events vacillated with the changes of his employment with defendant Kaplan Jewelers, Inc., and the concomitant matrimonial difficulties with his wife, who, too, was an employee of Kaplan Jewelers, Inc. Serious charges are made in the papers as to the causes prompting Shayne's desire to change his testimony. Those charges need not be resolved at this time. However, the picture presented showed a situation of extraordinary circumstances suggesting a relaxation of the rule against taking further depositions after a statement of readiness had been filed. It would have been more appropriate for plaintiff to have applied for an order, based on affidavits, rather than to proceed by a notice of examination. Defendant's motion to vacate, however, sufficed to make a record to support the court's denying the motion to vacate the notice and to direct the further examination of Shayne to proceed. In affirming the denial of the motion to vacate and to suppress the deposition thereafter taken, we do so on the condition that if, at the trial, any party reads part of any one of Shayne's depositions, any other party shall be permitted to use the remainder or any portion of the remainder of any of the depositions. We make the condition explicit, even though it may, in any event, be implicit in the provisions of subdivision (b) of 3117 of the Civil Practice Law and Rules. Settle order on notice fixing date for examination to proceed. Concur — Botein, P. J., Breitel, Valente, Stevens and Eager, JJ.